# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FRANKLIN JONES,

        Plaintiff,

    v.

JUDGE JAMES R. TUTEN, JR., and
KEITH HIGGINS,

        Defendants.

2:24-cv-93

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.  Dkt. No. 24.  The Magistrate Judge recommended the Court dismiss Plaintiff's claims for injunctive relief because a prisoner in state custody may not use 42 U.S.C. § 1983 as a vehicle to seek habeas corpus relief. Dkt. No. 23 at 3.  Even construing Plaintiff's Complaint to request habeas relief, the Magistrate Judge concluded that Plaintiff failed to exhaust state remedies.  Id.  The Magistrate Judge also recommended the Court dismiss Plaintiff's claims for monetary relief because Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Id.

Plaintiff objects, arguing that he does not challenge the lawfulness of his confinement but, rather, seeks monetary damages for violations of the Interstate Agreement on Detainers Act. Dkt. No. 24 at 3.  Plaintiff argues he has exhausted state court

remedies.  Id.  Plaintiff argues that his speedy trial rights were violated.  Id. at 3-4.  Plaintiff also argues that Defendants "acted maliciously and sadistically" in violation of the Constitution.  Id. at 4-5.

Plaintiff clearly states in his Complaint his requested relief: he directly asks this Court "to vacate this illegal sentence" and to vacate his conviction.  Dkt. No. 1 at 7. Therefore, Plaintiff's assertion now, in his Objections, that he does not seek to have his conviction and sentence vacated is entirely inconsistent with his Complaint.  Plaintiff requests habeas relief, which he may not do in a § 1983 action.

To the extent this portion of Plaintiff's Complaint can be construed to request habeas relief, Plaintiff has not demonstrated that he exhausted his state remedies.  A habeas claim may be properly exhausted if it has been "fairly presented" to the state courts.  Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007) (citing Castille v. Peoples, 489 U.S. 346, 350-51 (1989)). Plaintiff argues he filed a motion to dismiss his indictment while his original criminal charges were pending.  Dkt. No. 24 at 3. But Plaintiff does not show that he raised his arguments challenging his actual conviction at the state court level before raising them in this Court.  Therefore, Plaintiff has not exhausted his state remedies.

In the Complaint, Plaintiff also requests monetary damages "for every day I have been in prison illegally." Id. at 8. Under Heck v. Humphrey, a plaintiff challenging an unlawful conviction must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." 512 U.S. 477, 486 (1994). Plaintiff's claim for monetary damages is clearly Heck-barred because his conviction has not been otherwise overturned, and his § 1983 suit would necessarily negate the conviction.

Thus, after an independent and de novo review, I **OVERRULE** Plaintiff's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of this Court. I **DISMISS without prejudice** Plaintiff's Complaint in its entirety. Dkt. No. 1. I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff in forma pauperis status on appeal.

**SO ORDERED**, this 29 day of September, 2025.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3